**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

**Rainie Gardner**,

        *Plaintiff*,

v.                                                     Case No.  3:06-cv-237
                                                         Judge Thomas M. Rose

**Yellow Book, USA**,

        *Defendant*.

---

**ENTRY AND ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,** (DOC. 25)**, AND REMANDING CASE TO STATE COURT.**

---

Pending before the Court is Defendant's Motion for Summary Judgment. Doc. 25. The instant case involves allegations of employment discrimination.

Plaintiff Rainie Gardner worked for Defendant Yellow Book USA, Inc., from August 12, 2002 until June 2, 2003. Yellow Book claims to have fired Gardner on that date for failure to return from a leave of absence. On February 11, 2004, Gardner filed a charge of discrimination with the Equal Employment Opportunity Commission, alleging pregnancy discrimination. On June 30, 2004, Gardner received from the EEOC a right to sue letter, informing her that if she wished to pursue legal action, she must file her claim within 90 days.

Over two years later, on May 3, 2006, Gardner filed a complaint in the Common Pleas Court of Montgomery County, Ohio, asserting "Wrongful Discharge-Breach of Ohio Public Policy," and

"Pregnancy Discrimination and Retaliation - O.R.C. Chapter 4112; 42 U.S.C. § 2000e, *et seq.*" Doc. 3 at 4.

The matter was removed to federal court on August 2, 2006, on the basis of federal question jurisdiction. On December 21, 2007, Yellow Book moved for summary judgment, asserting, *inter alia*, that Gardner had failed to file her 42 U.S.C. § 2000e claim within the ninety day period allowed after her right to sue letter was issued. Doc. 25. Gardner admits that she failed to bring her federal claim within the time frame for such actions, but insists her complaint is grounded in state law claims. Doc. 30.

**Standard of Review**

The standard of review applicable to motions for summary judgment is established by Federal Rule of Civil Procedure 56 and associated case law. Rule 56 provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Alternatively, summary judgment is denied "[i]f there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Hancock v. Dodson*, 958 F.2d 1367, 1374 (6th Cir. 1992) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505 (1986)). Thus, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986).

The party seeking summary judgment has the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions and affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Id.*, at 323. The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S., at 250, 106 S. Ct. 2505 (quoting Fed. R. Civ. P. 56(e)).

Once the burden of production has shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 106 S. Ct. 1348 (1986). Rule 56 "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S., at 324, 106 S. Ct. 2548.

In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in the favor of that party. *Anderson*, 477 U.S., at 255, 106 S. Ct. 2505. If the parties present conflicting evidence, a court may not decide which evidence to believe by determining which parties' affiants are more credible. 10A Wright & Miller, *Federal Practice and Procedure*, § 2726. Rather, credibility determinations must be left to the fact-finder. *Id.*

Finally, in ruling on a motion for summary judgment, "[a] district court is not…obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). Thus, in determining whether a genuine issue of material fact exists on a particular issue, the court is

entitled to rely upon the Rule 56 evidence specifically called to its attention by the parties.

**Analysis**

A plaintiff seeking to assert Title VII discrimination claims must bring suit within ninety days of receiving a Notice of Right To Sue from the EEOC. 42 U.S.C. § 2000e-5(f)(1); *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 149 (1984). Gardner has failed to do this. Therefore, her federal claim must be dismissed.

**Conclusion**

Because Gardner failed to bring her 42 U.S.C. § 2000e action within ninety days of receipt of her right to sue letter, it is **DISMISSED**. Gardner's remaining claims are based on state law. The court remands these claims to state court pursuant to 28 U.S.C. § 1367(c)(3) and *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (noting that generally "if the federal claims are dismissed before trial, ... the state claims should be dismissed as well"). The court notes that it has discretion to hear or remand state claims after the federal claim has been dismissed, but declines to exercise this jurisdiction. The Clerk is **ORDERED** to **REMAND** the instant action to the Court of Common Pleas of Montgomery County, Ohio. The captioned cause is hereby **TERMINATED** upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, Tuesday, March 18, 2008.

    s/Thomas M. Rose

    ————————————————
    THOMAS M. ROSE
    UNITED STATES DISTRICT JUDGE